UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, : | |
|     PLAINTIFF, : | |
| : | CIVIL ACTION NO. 3:10cv1981(VLB) |
| : | |
| v. : | OCTOBER 31, 2011 |
| : | |
| STATE OF CONNECTICUT, : | |
| CHRISTINE WHIDDEN, WARDEN : | |
| MANSON YOUTH INSTITUTION : | |
|     DEFENDANTS. : | |

## MEMORANDUM OF DECISION GRANTING DEFENDANTS [DKT. #43] MOTION TO DISMISS

The Plaintiff, John Doe, brings this action pursuant to 42 U.S.C. § 1983 against the Defendants State of Connecticut and Christine Whidden ("Whidden") as Warden of the Manson Youth Institution alleging violations of his Eighth Amendment rights. Defendants have moved to dismiss the action based on sovereign immunity under the Eleventh Amendment pursuant to Fed. R. Civ. P. 12(b)(1). For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

### Procedural Background

On December 16, 2010, the Plaintiff filed the instant lawsuit in this Court against the State of Connecticut and Jose Feliciano as Warden of the Manson Youth Institution. Originally, the named Plaintiff was Tiangye Aguilar as parent and next friend of John Doe her minor son. On May 25, 2011, Defendants filed a motion to dismiss Plaintiff Tiangye Aguilar as the named plaintiff in this action on the basis that while her son was a minor at the time of the alleged incident, he was an adult since the initiation of the action. *See* [Dkt. #33]. In response on July

1

7, 2011, Plaintiff moved to substitute John Doe as the sole named Plaintiff in place of his mother Tiangye Aguilar. *See* [Dkt. #39]. On July 11, 2011, the Court granted Plaintiff's motion to substitute party and found Defendants' [Dkt. #33] motion to dismiss moot. *See* [Dkt. #41 and Dkt. #47].

On August 8, 2011, Defendants filed a second motion to dismiss the action against the State of Connecticut and Defendant Feliciano in his official capacity arguing for the first time that the case should be dismissed on the basis of sovereign immunity under the Eleventh Amendment. *See* [Dkt. #43]. On August 23, 2011, Plaintiff moved for an extension of time until September 29, 2011 to file a brief in opposition to Defendant's motion to dismiss, which the court granted. *See* [Dkt. #44 and Dkt. #45]. To date, the Plaintiff has failed to file a response to Defendants' motion to dismiss. The Second Circuit has instructed that where a plaintiff has failed to respond to a motion to dismiss under Fed. R. Civ. P. 12 automatic dismissal is inappropriate and the Court should analyze the motion to dismiss based on the sufficiency of the pleadings as alleged in the complaint. *See Goldberg v. Danaher*, 599 F.3d 181, 183-184 (2d Cir. 2010) ("although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the [district] court is capable of determining based on its own reading of the pleading and knowledge of the law.") (internal quotation marks and citation omitted).

On September 27, 2011, Plaintiff filed a notice of voluntary dismissal without prejudice. *See* [Dkt. #53]. On that same day, the Court ordered Plaintiff to show cause why the dismissal shall not be an adjudication on the merits

2

pursuant to Fed. R. Civ. P. 41(a)(1)(B). *See* [Dkt. #50]. Plaintiff responded to the Court's order to show cause noting that Jose Feliciano, one of the named Defendants, was not the Warden at the Manson Youth Institution at the time Plaintiff was incarcerated there and indicated his intent to re-file the lawsuit with the correct party as warden. *See* [Dkt. #51]. On September 30, the Court ordered that dismissal of the case was inappropriate and gave Plaintiff leave to amend his complaint to name the appropriate Defendant. *See* [Dkt. #52]. Plaintiff then moved to substitute Christine Whidden as Warden of the Manson Youth Institution in place of Jose Feliciano, and the Court granted his motion. *See* [Dkt. #54]. Consequently, the Court construes Defendants' [Dkt. #43] motion to dismiss with respect to the substituted parties.

### Factual Allegations

The following facts are taken from Plaintiff's second revised complaint against Defendant Whidden. Plaintiff alleges that he was a juvenile inmate in the custody of Defendant Whidden as Warden at the Manson Youth Institution in Cheshire, Connecticut. [Dkt. #42, Revised Compl. at ¶4]. The Plaintiff alleges he was sexually assaulted by his cellmate, Kevin Randolph, while at the Institution. [*Id.* at ¶6]. Randolph pled guilty to a charge of sexual assault in the first degree in Connecticut Superior Court on December 10, 2010. [*Id.* at ¶7].

Plaintiff alleges that Defendants Whidden, as Warden of the Manson Youth Institution and the State of Connecticut knew that Kevin Randolph had a prior history of sexual assaults and violence. [*Id.* at ¶8]. Plaintiff further alleges that

**Defendants violated the Eighth Amendment "by failing to keep him safe from a known sexual predator… and placing him in a cell with a known sexual predator." [*Id.* at ¶11].**

### Legal Standard

The Defendants have filed their motion under Fed. R. Civ. P. 12(b)(6). A motion to dismiss on the basis that a claim is barred by sovereign immunity under the Eleventh Amendment implicates the Court's subject matter jurisdiction. *Principality of Monaco v. Mississippi*, 292 U.S. 313 (1934). Accordingly, the Court will consider the motion as having been filed pursuant to Fed. R. Civ. P. 12(b)(1).

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003). However, on a motion to dismiss under Rule 12(b)(1), the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). *Id.* In deciding both types of motions, the Court "must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *In re AIG Advisor Group Sec. Litig.*, 309 Fed. App'x. 495, 497 (2d Cir. 2009). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal

quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Analysis

The Eleventh Amendment "entitles states to sovereign immunity, and this immunity extends ... to entities considered 'arms of the state,' such as state agencies. *Walker v. City of Waterbury*, 253 Fed. Appx. 58, 60 (2d Cir. 2007) (internal quotation marks and citation omitted). "Unless Eleventh Amendment immunity has been waived by the State or abrogated by Congress … private plaintiffs cannot sue an entity that enjoys this immunity in federal court." *Id*. Here, Plaintiff has not alleged that that the State has waived its sovereign immunity or that such immunity has been abrogated by Congress. Moreover, it is well established that Section 1983 does not override a state's Eleventh Amendment Immunity. *Silvera v. Connecticut Dept. of Corrections*, 726 F. Supp. 2d 183, 200 n.7 (D. Conn. 2010) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

While Plaintiff has not indicated in his second revised complaint, whether he is suing Defendant Whidden in her official or individual capacity, the Court assumes for purposes of this motion that she is being sued in her official capacity. This conclusion is buttressed by the fact that the second revised complaint does not ascribe any acts to her. The Eleventh Amendment would also bar Plaintiff's § 1983 claim against Defendant Whidden in her official capacity as the Manson Youth Institution is an agency of the state. By virtue of sovereign immunity state employees are also immune from suits against them in their

5

official capacities.  *Respass v. Murphy*, No.3:10-cv-318, 2010 WL 2232674, at *2 (D. Conn. June 2, 2010) (finding that §1983 claims for damages against defendants in their official capacities barred by the Eleventh Amendment which protects state from suits for monetary relief and also protects state officials sued in their official capacity) (citations omitted); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather against the official's office").  Accordingly, the State of Connecticut is entitled to sovereign immunity under the Eleventh Amendment and the Plaintiff cannot maintain suit against Defendant Whidden in her official capacity. Therefore Plaintiff can only proceed against Defendant Whidden in her individual capacity.

### Conclusion

Based upon the above reasoning, the Defendants' [Dkt. #43] motion to dismiss is GRANTED.  The Clerk is directed to dismiss Defendant State of Connecticut from this suit.

                            IT IS SO ORDERED.

                            _____/s/_____

                            Hon. Vanessa L. Bryant

                            United States District Judge

Dated at Hartford, Connecticut: October 31, 2011